# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FREDERICK S. AUMICK, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 0:12-cv-61086-WPD |
| ENHANCED RECOVERY COMPANY, LLC, | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Enhanced Recovery Company, LLC ("ERC") states and alleges as follows for its answers to Plaintiff Frederick S. Aumick's ("Plaintiff") Complaint:

1. Defendant admits the allegations in paragraph 1 of the Complaint that Plaintiff alleges violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Telephone Consumer Protection Act (the "TCPA") but denied any liability.

## JURISDICTION AND VENUE

2. Defendant admits the allegations in paragraph 2 of the Complaint for jurisdictional and venue purposes only.

## PARTIES

3. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Complaint and therefore deny those allegations.

4. Defendant denies the allegations in paragraph 4 of the Complaint that Defendant is a corporation in the state of Florida. Defendant admits the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint that it is a "debt collector" as defined by the FDCPA. Specifically, such a determination is made on a case by case basis. To the extent that Plaintiff is alleging that Defendant is a "debt collector" as defined by the FDCPA with regard to the debt at issue, Defendant is without knowledge or information sufficient to admit or deny and therefore denies those allegations.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint and therefore deny those allegations.

## FACTUAL ALLEGATIONS

9. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint and therefore deny those allegations.

10. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint and therefore deny those allegations.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint and therefore deny those allegations.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 12 of the Complaint and therefore deny those allegations.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14. Defendant incorporates by reference its answers to paragraphs 1 through 13 of the Complaint.

15. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint and therefore deny those allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations contained in her Complaint, including, without limitation, the relief specified in Plaintiff's prayer for relief.

A. Defendant denies Plaintiff is entitled to the relief requested in paragraph a) of Plaintiff's prayer for relief.

B. Defendant denies Plaintiff is entitled to the relief requested in paragraph b) of Plaintiff's prayer for relief.

C. Defendant denies Plaintiff is entitled to the relief requested in paragraph c) of Plaintiff's prayer for relief.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16. Defendant incorporates by reference its answers to paragraphs 1 through 13 of the Complaint.

17. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 17 of the Complaint and therefore deny those allegations.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations contained in her Complaint, including, without limitation, the relief specified in Plaintiff's prayer for relief.

   A. Defendant denies Plaintiff is entitled to the relief requested in paragraph a) of Plaintiff's prayer for relief.

   B. Defendant denies Plaintiff is entitled to the relief requested in paragraph b) of Plaintiff's prayer for relief.

   C. Defendant denies Plaintiff is entitled to the relief requested in paragraph c) of Plaintiff's prayer for relief.

**COUNT III**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

18. Defendant incorporates by reference its answers to paragraphs 1 through 13 of the Complaint.

19. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 22 of the Complaint and therefore deny those allegations.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations contained in her Complaint, including, without limitation, the relief specified in Plaintiff's prayer for relief.

   A. Defendant denies Plaintiff is entitled to the relief requested in paragraph a) of Plaintiff's prayer for relief.

B.   Defendant denies Plaintiff is entitled to the relief requested in paragraph b) of Plaintiff's prayer for relief.

C.   Defendant denies Plaintiff is entitled to the relief requested in paragraph c) of Plaintiff's prayer for relief.

D.   Defendant denies Plaintiff is entitled to the relief requested in paragraph d) of Plaintiff's prayer for relief.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial.

To the extent any allegation contained in Plaintiff's Complaint has not been specifically admitted herein, it is hereby denied. Defendant denies any allegation that may be implied by or inferred from the headings of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

As and for Defendant's affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the causes of action listed therein fail to state a claim on which relief can be granted as Plaintiff has failed to identify his telephone number(s), fails to establish that the alleged debt is a consumer debt, and fails to identify either by date or substance the telephone calls in which Plaintiff alleges that similar or identical messages were left by the Defendant.

## SECOND AFFIRMATIVE DEFENSE

Through its policies and procedures, Defendant, at all times material to this lawsuit, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages should be denied to the extent that he has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendant had reasonable grounds for believing that its actions with respect to the Plaintiff were not in violation of the law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages should be denied to the extent that the alleged actions fall outside of the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of receiving the telephone calls placed by the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant at all relevant times had an established business relationship with the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff provided his express consent to be contacted at the numbers at issue.

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise any and all additional affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now or in the future be available.

**WHEREFORE**, Defendant respectfully requests (1) that judgment be entered against Plaintiff in connection with all causes of action in its Complaint; (2) Defendant be awarded their

reasonable attorneys' fees and costs; and (3) for such other and additional relief as the Court deems just and equitable.

This 6th day of July, 2011.

                                    Respectfully submitted,

                                    SMITH, GAMBRELL & RUSSELL, LLP

                                  s/ Michele F. Martin
                                  Michele F. Martin
                                  Florida Bar No. 474940
                                  mmartin@sgrlaw.com
                                  Bank of America Tower
                                  50 North Laura Street, Suite 2600
                                  Jacksonville, Florida  32202
                                  (904) 598-6131
                                  Fax: (904) 598-6231

                                  Counsel for Defendant Enhanced Recovery
                                  Company, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald A. Yarbrough
donyarbrough@mindspring.com

                                  /s/ Michele F. Martin
                                        Attorney